UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF
CALIFORNIA *ex rel.* BILL LOCKYER,
et al.,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; MIKE JOHANNS,
Secretary of the Department of Agriculture,
et al.,

        Defendant(s).
_____/

THE WILDERNESS SOCIETY, CALIFORNIA
WILDERNESS COALITION, et al.,

        Plaintiffs,

    v.

UNITED STATES FOREST SERVICE, an agency
of the United States Department of Agriculture;
DALE BOSWORTH, Chief of the United States
Forest Service, et al.,

        Defendants.
_____/

No. C05-03508 EDL   related to

No. C05-04038 EDL

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

    In these related cases brought under National Environmental Policy Act, 42 U.S.C. §§ 4321-4370d, the Endangered Species Act, 16 U.S.C. § 1531-1544 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706, Plaintiffs challenge the 2005 State Petitions for Inventoried Roadless Area Management rule. 70 Fed. Reg. 25654 (May 13, 2005). The State Petitions Rule, which establishes a process by which a State Governor can petition the Secretary of Agriculture to establish or adjust the management requirements for the Inventoried Roadless Areas within that

1 State, replaces the 2001 Roadless Rule (66 Fed. Reg. 3244 (Jan. 12, 2001)), which contained a
2 general ban, subject to certain exceptions, on road building and timber harvesting in inventoried
3 roadless areas in all States.

4 Before the Court is Plaintiffs' motion to compel completion of the administrative record.
5 This motion is fully briefed and was submitted by the parties without oral argument. The record, in
6 its present form, consists of fifty-seven CD-ROM discs for the 2001 Roadless Rule, six discs for the
7 Alaska settlement record, nine discs of public comment for the 2005 State Petitions Rule and one
8 disc containing the Forest Service's own records for the State Petitions Rule.

9 Plaintiffs argue that the administrative record, while voluminous, is not complete because it
10 does not contain: (1) an October 24, 2002 Senate Report entitled "Rewriting the Rules" and the
11 supporting documents previously provided by the Forest Service to the Senate Governmental Affairs
12 Committee for that Report; and (2) Defendants' internal and external communications regarding the
13 decision-making process for the State Petitions Rule, including drafts, internal reviews and critiques,
14 inter-agency reviews, dissent from agency scientists, e-mail exchanges or other correspondence
15 between and among the agencies and/or others involved in the process and agency meeting notices
16 regarding discussions of the impact of scientific uncertainties on the selection of alternatives, at a
17 minimum from June 26, 2002 (the date of the most recent document cited in the Senate Report), or
18 earlier if responsive materials in addition to the documents related to the Senate Report exist, until
19 the publication of the State Petitions Rule on May 13, 2005.

20 In challenges to agency actions brought under the Administrative Procedures Act, review "is
21 to be based on the full administrative record that was before the Secretary at the time he made his
22 decision." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Camp v.
23 Pitts, 411 U.S. 138, 143 (1973) ("The focal point for judicial review should be the administrative
24 record already in existence, not some new record made initially in the reviewing court."); 5 U.S.C. §
25 706. For purposes of the Administrative Procedures Act, the "whole record" consists of "'all
26 documents and materials directly or *indirectly* considered by agency decision-makers and includes
27 evidence contrary to the agency's position.'" Thompson v. United States Dep't of Labor, 885 F.2d
28 551, 555-56 (9th Cir. 1989) (emphasis in original) (quoting Exxon Corp. v. Department of Energy, 91 F.R.D. 26, 33 (N.D. Tex. 1981)); Portland Audubon Society v. Endangered Species Committee,

984 F.2d 1534, 1548 (9th Cir. 1993) (the "whole record" for purposes of the APA includes "everything that was before the agency pertaining to the merits of its decision.") (citing Thompson, 885 F.2d at 555-56).

There is a presumption that the administrative record submitted by Defendants is complete, which Plaintiffs can rebut with clear evidence to the contrary. Bar MK Ranches v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993); see also Florida Power & Light Co. v. Lorion, 470 U.S. 729, 243-44 (1985) (stating that "the task of the reviewing court is to apply the appropriate APA standard of review . . . based on the record the agency presents to the reviewing court."). Plaintiffs need not show bad faith or improper motive to rebut the presumption. See Ohio Valley Environmental Coalition v. Whitman, 2003 WL 43377 (S.D. W.Va., Jan. 6, 2003) ("Instead, the plaintiffs contend that the EPA has not submitted to the court all of the materials that properly constitute the complete administrative record. In this circumstance, no showing of bad faith or improper purpose is necessary.").

To be complete, the administrative record must contain materials that are directly or indirectly related to the agency's decision, not just those materials that the agency relied on. Thompson, 885 F.2d at 555-56; see also Ad Hoc Metals Coalition v. Whitman, 227 F. Supp. 2d 134, 139 (D.D.C. 2002) (stating that an agency may not exclude information on the grounds that it did not rely on the excluded information in reaching a final decision where there was evidence that the information was reviewed); Amfac Resorts, 143 F. Supp. 2d at 12 ("a complete administrative record should include all materials that might have influenced the agency's decision and not merely those on which the agency relied in its final decision."); Miami Nation of Indians of Indiana v. Babbitt, 979 F. Supp. 771, 777 (N.D. Ind. 1996) ("a document need not literally pass before the eyes of the final agency decision maker to be considered part of the administrative record.") (quoting Clairton Sportsmen's Club v. Pennsylvania Turnpike Comm'n, 882 F. Supp. 455, 464 (W. D. Pa. 1995)).

Here, Plaintiffs rebutted the presumption of completeness with a strong showing that the Senate Report and the supporting documents were at a minimum indirectly considered by the Forest Service in its decision-making process for the State Petitions Rule. The materials at issue are Forest Service documents. Some of the documents underlying the Senate Report appear to relate directly

3

to efforts to alter the 2001 Roadless Rule, and are therefore at least indirectly considered in the decision-making process for the 2005 State Petitions Rule.

Defendant relies on the certification by David F. Barone, a planning specialist on the Ecosystem Management Coordination staff of the Forest Service, who assembled the record, to show that it is complete. His declaration states that:

> The record previously submitted to the court contains background data on which the proposed and final rule is based, analysis conducted on the rule, and any other data *considered in the promulgation on the final rule*. . . . As compiler of the record I gathered materials that agency or departmental officials indicated had been *relied upon during preparation of the rule*. . . . To the best of my knowledge: *all documents considered by the decision-maker* have been collected and have been included in the Administrative Record lodged with the court . . . .

Second Barone Decl. ¶ 4 (emphasis added). Despite the mandate to include all materials directly or *indirectly* considered by the agency, Mr. Barone gathered only materials that agency officials considered, or upon which they relied. His declaration uses the terms "relied upon" and "considered" interchangeably, consistent with the agency limiting its selection of materials to those upon which it *directly* relied in the decision-making process. Thus, it appears that materials that were *indirectly* considered were not included in the record. Similarly, although Mr. Barone states that "no relevant documents have been withheld," that conclusion flows from the erroneous view that only documents relied upon or directly considered by the agency belong in the record. Indeed, the existence of the Senate Report and the supporting documents suggests that other relevant documents were also withheld, especially those generated after the Senate Report.

Defendants argue that the October 2002 Senate Report and the documents supporting that Report, some of which date back to 2001, need not be included in the administrative record because they pre-date the beginning of the decision-making process for the State Petitions Rule, whose "active" phase began in February 2004. Second Barone Decl. ¶ 3 ("To the best of my knowledge, active consideration of what became the proposed rule commenced in February 2004."). This argument is not persuasive. It is inconsistent with the Forest Service's own recognition that the administrative record does include documents pre-dating February 2004 as reflected in its inclusion of other documents dating from 2001 in the record submitted to the Court, entitled "Agency Documents for the State Petitions for Inventoried Roadless Area Management Rule." Also, Mr. Barone's declaration recognizes that on June 9, 2003, the agency "announced its intent to pursue a

4

1 rulemaking that would leave the 2001 roadless rule in place but allow governors to petition for
2 adjustment or exclusions within their respective states." That announcement shows that the agency
3 must have been considering alternatives to the 2001 Roadless Rule, such as a petitioning process,
4 prior to the announcement on June 9, 2003. This conclusion is reinforced by the October 2002
5 Senate Report and its supporting documents.

6       Plaintiffs have also shown that the record is incomplete because it lacks internal and external
7 agency documents relating to the decision-making process for the State Petitions Rule. Specifically,
8 Plaintiffs believe that the Forest Service is withholding correspondence between and among the
9 parties involved, e-mail messages, agency meeting notices, draft analyses, assessments of
10 alternatives and discussions of the impacts of scientific uncertainties on the selection of each
11 alternative. Defendants point to Mr. Barone's declaration, and claim that no such documents exist
12 for the Rule. However, because Mr. Barone applied the wrong standard in compiling the record, his
13 declaration does not provide sufficient assurance.

14       Even under the correct standard, some agency documents, such as purely internal
15 deliberative materials, may be protected from inclusion in the administrative record, but Defendants
16 must make a specific showing establishing the application of a privilege for each document that it
17 contends that it may withhold based on privilege. Arizona Rehabilitation Hospital, Inc. v. Shalala,
18 185 F.R.D. 263, 267 (D. Ariz. 1998) (recognizing the deliberative process privilege: "This privilege
19 protects the consultative functions of government by maintaining the confidentiality of advisory
20 opinions, recommendations and deliberations comprising part of a process by which governmental
21 decisions and policies are formulated."); see also Amfac Resorts, L.L.C. v. Department of Interior,
22 143 F. Supp. 2d 7, 12 (D. D.C. 2001) ("However, deliberative intra-agency memoranda and other
23 such records are ordinarily privileged, and need not be included in the record."); Miami Nation, 979
24 F. Supp. at 778-79 (requiring agency to make a specific showing, "in the spirit of Fed. R. Civ. P.
25 26(b)(5) [requiring a privilege log]," for the materials that it sought to protect with the deliberative
26 process privilege); cf. FTC v. Warner Communications, Inc., 742 F.2d 1156, 1161 (9th Cir. 1984)
27 ("Purely factual material that does not reflect deliberative processes is not protected.").
28 //
//

//

Accordingly, Plaintiffs' motion to compel is granted. No later than March 31, 2006, Defendants shall complete the record with the Senate Report and the underlying documents supporting that Report. No later than April 14, 2006, Defendants shall complete the record with the agency's internal and external communications regarding the decision-making process for the State Petitions Rule, including drafts, internal reviews and critiques, inter-agency reviews, dissent from agency scientists, e-mail exchanges or other correspondence between and among the agencies and/or others involved in the process and agency meeting notices regarding discussions of the impact of scientific uncertainties on the selection of alternatives, at a minimum from June 26, 2002 (the date of the most recent document cited in the Senate Report), or earlier if responsive materials in addition to the documents related to the Senate Report exist, until the publication of the State Petitions Rule on May 13, 2005. If Defendants withhold any documents from the record based on privilege, they shall also provide a privilege log no later than the dates above.

**IT IS SO ORDERED.**

Dated: March 16, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge