United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* BILL LOCKYER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture, et al., <br><br> Defendant(s). <br>_____/ <br> THE WILDERNESS SOCIETY, CALIFORNIA WILDERNESS COALITION, et al., <br><br> Plaintiffs, <br><br><br><br><br><br><br><br> v. <br><br> UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DALE BOSWORTH, Chief of the United States Forest Service, et al., <br><br> Defendants. <br>_____/ | No. C05-03508 EDL   consolidated with <br><br><br><br><br><br><br><br><br><br><br> No. C05-04038 EDL <br><br>**ORDER GRANTING IN PART MOTION TO INTERVENE BY CALIFORNIA ASSOCIATION OF 4 WHEEL DRIVE CLUBS, UNITED FOUR WHEEL DRIVE ASSOCIATIONS, THE AMERICAN COUNSEL OF SNOWMOBILE ASSOCIATIONS AND THE BLUERIBBON COALITION** |

The California Association of 4 Wheel Drive Clubs, United Four Wheel Drive Associations, the American Council of Snowmobile Associations and the BlueRibbon Coalition ("Proposed Intervenors") seek to intervene as Defendants pursuant to Federal Rule of Civil Procedure 24(a) or 24(b) in these consolidated cases brought under the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370d, the Endangered Species Act, 16 U.S.C. § 1531-1544 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706. In this case, Plaintiffs challenge the 2005 State Petitions for Inventoried Roadless Area Management Rule. 70 Fed. Reg. 25654 (May 13, 2005). The 2005 State Petitions Rule establishes a process by which a State Governor can petition the Secretary of Agriculture to establish or adjust the management requirements for the Inventoried Roadless Areas within that State. This 2005 Rule replaces the 2001 Roadless Rule (66 Fed. Reg. 3244 (Jan. 12, 2001)), which contained a general ban, subject to certain exceptions, on road construction and reconstruction and on timber cutting, sale or removal in Inventoried Roadless Areas in all States. The Federal Defendants filed a statement of non-opposition to the motion. Plaintiffs oppose intervention. On March 28, 2006, the Court held a hearing on the motion to intervene.

**Intervention as of right**

An applicant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a) must show that: (1) the motion is timely; (2) the applicant has a "significant protectable interest" relating to the property or transaction that is the subject matter of the litigation; (3) the applicant is situated so that disposition of the action may as a practical matter impair or impede the interest; and (4) the applicant's interest is inadequately represented by the parties. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107-08 (9th Cir. 2002) (citing Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1113-14 (9th Cir. 2000)).

Private parties, like the Proposed Intervenors, are not permitted to intervene as of right as Defendants in the merits phase of a NEPA compliance action. Kootenai, 313 F.3d at 1108 ("As a general rule, the federal government is the only proper defendant in an action to compel compliance with NEPA. [citations omitted] This rule is based on the premise that private parties do not have a significant protectable interest in NEPA compliance actions. As explained in Wetlands, the rationale for our rule is that, because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be

1  a defendant in a NEPA compliance action. [citation omitted].") (citing Wetlands Action Network,
2  222 F.3d at 1114). This logic has been applied to cases arising under environmental statutes other
3  than NEPA. See Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489, 1499 (9th Cir.
4  1995); Southwest Center for Biological Diversity v. United States Forest Service, 82 F Supp. 2d
5  1070, 1073-74 (D. Ariz. 2000).
6        A private party may nonetheless intervene as of right in the remedial phase of the case, if that
7  party meets the four prong test. Wetlands Action Network, 222 F.3d 1105 (9th Cir. 2000); Forest
8  Conservation Council, 66 F.3d at 1499. The Proposed Intervenors' motion to intervene as of right as
9  to the remedy phase fails as to prongs two and three. An applicant has a "significant protectable
10 interest" if: (1) it asserts an interest that is protected under some law, and (2) there is a relationship
11 between its legally protected interest and the plaintiff's claims. Southern Cal. Edison Co. v. Lynch,
12 307 F.3d 794, 803 (9th Cir. 2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.
13 1998)). "The interest test directs courts to make a practical threshold inquiry [citation omitted] and
14 is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned
15 persons as is compatible with efficiency and due process." Id. (quoting Greene v. United States, 996
16 F.2d 973, 976 (9th Cir. 1993); County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980)). The
17 interest part of the test is satisfied when injunctive relief sought by the plaintiffs will have a "direct,
18 immediate and harmful" effect upon a third party's legal interests. Forest Conservation, 66 F.3d at
19 1494. The relationship requirement is met "if the resolution of the plaintiff's claims actually will
20 affect the applicant." Southern Cal. Edison, 307 F.3d at 803.
21        Here, the Proposed Intervenors have not made a sufficiently strong showing of their interest
22 in this case and the impact of a remedy on that interest if Plaintiffs were to prevail to satisfy the test
23 of intervention as of right. Proposed Intervenors filed a declaration from each of the four intervenor
24 organizations purporting to show that their interests will be affected by the relief sought in this case,
25 but three of the declarations are merely speculative. Declaration of Carla Boucher ¶ 6 ("If
26 implemented, the 2001 Roadless Rule *could restrict or prohibit* motorized access along certain
27 routes in 'roadless' areas which such have historically and do presently receive such access.")
28 (emphasis added); Declaration of Brian Hawthorne ¶ 4 (". . . Plaintiffs' requested relief *could have*
    profound negative impacts on BlueRibbon members' recreational and aesthetic interests.. . . . If

3

implemented, the 2001 Roadless Rule *could restrict or prohibit* motorized access along certain routes in roadless areas which such have historically and do presently receive such access.") (emphasis added); Declaration of Don Klusman ¶ 4 (". . . Plaintiffs' requested relief *could have* profound negative impacts on Cal4 members' recreational and aesthetic interests.. . . . If implemented, the 2001 Roadless Rule *could restrict or prohibit* motorized access along certain routes in 'roadless' areas which such have historically and do presently receive such access.") (emphasis added). Although the fourth declaration appears on its face to state a definitive interest, upon closer inspection, the declaration is wholly conclusory and fails to make any specific showing as to how that the relief sought by Plaintiffs would have a "direct, immediate, and harmful" effect on the organization's interest. Declaration of Christine Jourdain ¶ 7 ("If Plaintiffs' requested relief is granted and any type of closure order or reduction in existing snowmobile access or grooming in roadless areas occurs through imposition of the 2001 Roadless Rule, there will be substantial impacts on the procedural, recreational and aesthetic interests of these ACSA members.").

Moreover, the declaration of Don Amador does not satisfy the interest test, primarily because it does not establish that there would be a "direct, immediate and harmful" affect on the Proposed Intervenors' interests. Specifically, Mr. Amador, Western Representative of the BlueRibbon Coalition, states that he has visited various wilderness areas that contain routes that "may have never been formally designated for vehicle use and which would have questionable status under the 2001 Roadless Rule." Declaration of Don Amador ¶ 5. As a result, "Plaintiffs' request to the Court to require implementation of the 2001 Roadless Rule will therefore have the effect of immediately prohibiting vehicle access in substantial portions of the Forest Service system for routes such as those I have described in this Declaration, at least until further planning can determine whether such routes should be formally designated." Amador Decl. ¶ 7. However, the specific routes or areas named by Mr. Amador as ones that might be impacted or closed by the 2001 Roadless Rule -- the Caples Creek Inventoried Roadless Area in the Eldorado National Forest, the Bug Creek Trail in the Six Rivers National Forest and the Bear Creek Trail in the Mendocino National Forest -- are either currently unusable due to a Forest Service interim order unrelated to the 2001 Roadless Rule or not within the plain language of the definition of a road for purposes of the 2001 Roadless Rule. Mr. Amador acknowledged in his declaration that the Forest Service issued its own interim order

prohibiting travel along "open" routes used for off-highway vehicle travel in the Caples Creek area. Amador Decl. ¶ 3. Also, Bug Creek Trail and Bear Creek Trail are less than fifty inches wide (Second Henson Decl. ¶¶ 3-4), so those trails do not appear to be affected by the 2001 Roadless Rule, which contains a specific definition of "road" as a travelway that is over fifty inches wide. 66 Fed. Reg. 3244, 3272 (Jan 12, 2001) ("Road. A motor vehicle travelway over 50 inches wide, unless designated and managed as a trail. A road may be classified, unclassified or temporary.").

Further, at the hearing, counsel for Proposed Intervenors did not argue an entitlement to intervention as a matter of right, and did not point to any other interest that would be directly affected by the relief that Plaintiffs seek in this case, namely return to the 2001 Roadless Rule. In fact, counsel argued that there was *uncertainty* in the application of the 2001 Roadless Rule, and that the Proposed Intervenors were *fearful* that their recreational activities would be curtailed by implementation of the 2001 Rule. The Proposed Intervenors' hypothetical showing of an interest that could be affected by the outcome of this litigation is insufficient to establish a significant protectable right for purposes of intervention as of right under Federal Rule of Civil Procedure 24(a) in the remedy phase of this case. Southern Cal. Edison, 307 F.3d at 803 ("An undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.").

**Permissive Intervention**

Alternatively, the Proposed Intervenors ask this Court to grant permissive intervention. Federal Rule of Civil Procedure 24(b) is discretionary, provided that the intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b); Kootenai, 313 F.3d at 1108, 1110-11; see also SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 459 (1940) (Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."). "In exercising its discretion [to allow permissive intervention] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Although the Proposed Intervenors' defenses and the main action have questions of law and fact in common, the Court does not believe that intervention in the merits phase of the case "would assist the court in its orderly procedures leading to the resolution of this case." Kootenai, 313 F.3d

at 1111.  The Proposed Intervenors do not raise any unique defenses; in fact, the defenses are virtually identical to those raised by the Federal Defendants.  <u>Compare</u> Proposed Answer of Intervenor-Applicants (Feb. 21, 2006) <u>with</u> Answer of Federal Defendants (Jan. 10, 2006).  Further, the main question for the Court in the liability phase of this case will be whether Defendants complied with NEPA, a question to which the Proposed Intervenors would have little to contribute since they were not the decision-makers who were required to follow NEPA.

The Proposed Intervenors, however, do claim general interests in the use and enjoyment of roadless areas that could possibly be curtailed if Plaintiffs are awarded the relief that they seek.  The input of the Proposed Intervenors could assist the Court in fashioning relief, if any.  Therefore, the Court grants the Proposed Intervenors' motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) in the remedy phase of this case only.

Accordingly, the Proposed Intervenors' motion to intervene is granted in part.  Proposed Intervenors may participate as amici curiae in the merits phase of this case.

**IT IS SO ORDERED.**

Dated: March 31, 2006

                                             *Elizabeth D. Laporte*
                                        ELIZABETH D. LAPORTE
                                        United States Magistrate Judge