UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* BILL LOCKYER, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture, et al.,<br><br>      Defendant(s).<br>_____/<br>THE WILDERNESS SOCIETY, CALIFORNIA WILDERNESS COALITION, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DALE BOSWORTH, Chief of the United States Forest Service, et al.,<br><br>      Defendants.<br>_____/ | No. C05-03508 EDL   consolidated with<br><br><br><br><br><br><br><br><br><br>No. C05-04038 EDL<br><br>**ORDER GRANTING MOTION TO INTERVENE BY STATE OF WASHINGTON** |

The State of Washington seeks to intervene as a Plaintiff pursuant to Federal Rule of Civil Procedure 24(a) or 24(b) in these consolidated cases brought under the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370d, the Endangered Species Act, 16 U.S.C. § 1531-1544 and the

Administrative Procedures Act, 5 U.S.C. §§ 701-706.  In this case, Plaintiffs challenge the 2005 State Petitions for Inventoried Roadless Area Management Rule. 70 Fed. Reg. 25654 (May 13, 2005).  The 2005 State Petitions Rule establishes a process by which a State Governor can petition the Secretary of Agriculture to establish or adjust the management requirements for the Inventoried Roadless Areas within that State.  This 2005 Rule replaces the 2001 Roadless Rule (66 Fed. Reg. 3244 (Jan. 12, 2001)), which contained a general ban, subject to certain exceptions, on road construction and reconstruction and on timber cutting, sale or removal in Inventoried Roadless Areas in all States.   This motion, which is unopposed, is appropriate for decision without oral argument, so the Court vacated the April 11, 2006 hearing date.

**Intervention as of right**

An applicant seeking to intervene as of right under Federal Rule of Civil Procedure 24(a) must show that: (1) the motion is timely; (2) the applicant has a "significant protectable interest" relating to property or a transaction that is the subject matter of the litigation; (3) the applicant is situated so that disposition of the action may as a practical matter impair or impede the interest; and (4) the applicant's interest is inadequately represented by the parties. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107-08 (9th Cir. 2002) (citing Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1113-14 (9th Cir. 2000)).  Although Kootenai prohibits private parties from intervening as of right as Defendants in this kind of case, there is no bar to intervention as of right as a plaintiff alleging noncompliance with NEPA.  Washington's application meets this four-part test.

    **Timeliness**

In determining whether a motion for intervention is timely, a court considers: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Smith v. Marsh, 194 F.3d 1045, 1050 (9th Cir. 1999).  The timeliness of Washington's motion is not contested.  Washington explains that it did not join as a plaintiff initially in this lawsuit because it was pursuing a petition for rulemaking with the Forest Service that would create an expedited petition process under the 2005 State Petitions Rule to enable states to bypass what it views as an unduly cumbersome process.  That petition for rulemaking was finally denied on February 1, 2006, and this motion to intervene was filed shortly thereafter on

1  February 22, 2006.  Moreover, there have been no substantive rulings in this case and the briefing on
2  summary judgment is not yet completed.  Washington agrees to abide by the briefing schedule and
3  not to seek any continuances.  Washington also says it will join in the summary judgment brief filed
4  by the other Plaintiffs.  For these reasons, the motion to intervene is timely.

**Significant protectable interest**

An applicant has a "significant protectable interest" if: (1) it asserts an interest that is protected under some law; and (2) there is a relationship between its legally protected interest and the plaintiff's claims. Southern Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)). "The interest test directs courts to make a practical threshold inquiry [citation omitted] and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Id. (quoting Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993); County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980)).  The interest part of the test is satisfied when injunctive relief sought by the plaintiffs will have a "direct, immediate and harmful" effect upon a third party's legal interests. Forest Conservation, 66 F.3d at 1494.  The relationship requirement is met "if the resolution of the plaintiff's claims actually will affect the applicant." Southern Cal. Edison, 307 F.3d at 803.  Here, Washington has asserted a significant protectable interest.

The State of Washington contains 9.2 million acres of National Forest lands, comprising approximately one-fifth of the state's total land mass.  Declaration of Christine Gregoire ¶ 2. Approximately 2,015,000 acres are National Forest Service Inventoried Roadless Areas. Declaration of Stephen Bernath ¶ 4.  Washington has three main interests in this litigation: (1) protection of fish and wildlife; (2) protection of the state's water resources; and (3) protection of resources generally to benefit tourism and recreation and economic stability.  Gregoire Decl. ¶ 4. Washington is concerned about the 2005 State Petitions Rule because in order to obtain protections similar to those that were in effect in the 2001 Roadless Rule, the state must expend considerable resources preparing and supporting a petition to the Forest Service and, even then, the result of the petition is uncertain because decisions under the 2005 Rule are made by the Department of Agriculture in consultation with a national advisory committee. Id. ¶¶ 7-8.

1   The mission of the Washington Department of Ecology is to protect the quality and quantity of the state's waters. The Department addresses impacts on water quality associated with roads constructed in National Forests. Bernath Decl. ¶¶ 3, 5. Washington believes that existing Forest Service roads are one of the increasing sources of sediment that adversely affect the quality of water in adjacent areas. Id. ¶ 6.

Washington Department of Fish and Wildlife is charged by state statute with preserving, protecting and managing the state's fish and wildlife. Declaration of Jeff Koenings ¶ 4. The policy-setting entity of the Department has adopted regulations listing endangered, threatened, and sensitive species. Id. The 2001 Roadless Rule listed many fish, including salmon, and wildlife in Washington as threatened or endangered. Id. at ¶¶ 6, 9.

**Impair or impede that interest**

Washington has shown that its interests may be impaired by the disposition of this case. For example, Washington is concerned that the water resources will be further degraded if the roadless areas are not protected from further road building activity. Bernath Decl. ¶ 6. In addition, loss of the roadless areas would impair the Department's ability to carry out statutory duties to protect fish and wildlife. Koenings Decl. ¶ 11. Further, timber cutting and road construction activities that were prohibited under the 2001 Roadless Rule, but not necessarily under the 2005 State Petitions Rule, would impact salmon habitat in numerous detrimental ways. Id. ¶ 7.

**Inadequate representation**

"In determining whether an applicant's interest is adequately represented by the parties, we consider (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." California v. Tahoe Regional Planning Agency, 792 F.2d 775, 778 (9th Cir.1986). The "burden of showing inadequacy [of representation] is minimal, and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 822-23 (9th Cir. 2001). In determining whether representation may be inadequate, courts consider the case as a whole, and whether the existing parties will undoubtedly make all of the intervenor's arguments.

4

Id.; Sagebrush Rebellion Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983).  However, where an applicant for intervention and an existing party "have the same ultimate objective, a presumption of adequacy of representation arises." National Forest Resource Council v. Glickman, 82 F.3d 825, 838 (9th Cir. 1996).

Although the fact that Washington and the other state Plaintiffs share the same ultimate objective in this case gives rise to a presumption of adequacy of representation, Washington has sufficiently rebutted that presumption.  Washington points out that although the other states may have similar interests, those interests are not identical as each state has its own particular set of policies and political concerns.  Further, other states are not as familiar with the fish and wildlife in Washington, or with its water resource and economic concerns.  Further, Washington states that it can advance arguments unique to itself to address the defenses of standing and ripeness.  After considering this case as a whole, the Court cannot say that the other state Plaintiffs would "undoubtedly" make all of Washington's arguments.  Therefore, the minimal burden of showing inadequacy of representation has been met.

Accordingly, Washington's motion to intervene as of right as to all phases of this case under Federal Rule of Civil Procedure 24(a) is granted.  Alternatively, for the reasons stated above, Washington has satisfied the requirements for permissive intervention.  Fed. R. Civ. P. 24(b) (requiring only that the intervenor's "claim or defense and the main action have a question of law or fact in common."); Kootenai, 313 F.3d at 1111 (". . . the presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case. . .").

**IT IS SO ORDERED.**

Dated: March 31, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

5