United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* BILL LOCKYER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture, et al., <br><br> Defendant(s). <br> _____/ <br><br> THE WILDERNESS SOCIETY, CALIFORNIA WILDERNESS COALITION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DALE BOSWORTH, Chief of the United States Forest Service, et al., <br><br> Defendants. <br> _____/ | No. C05-03508 EDL consolidated with <br><br><br><br><br><br><br><br><br><br><br><br> No. C05-04038 EDL <br><br> **FURTHER ORDER REGARDING INJUNCTIVE RELIEF** |

In its order of November 29, 2006, the Court requested a further submission by the parties on two issues: the temporal scope of the portion of the injunction regarding oil and gas leases, and the compliance of the Coal Creek-Big Creek Project with the exception to the Roadless Rule for road realignment of classified roads. The Court has considered the further submission by the parties and now rules as follows.

Although the Court does not accept some of Defendants' reasoning, the Court agrees that its injunction only applies to oil and gas leases which completed any step of the leasing process anytime after the unlawful repeal of the Roadless Rule by the State Petitions Rule in 2005, and hereby so limits the injunction. The Court's ruling invalidated actions taken in the wake of the unlawful repeal of the Roadless Rule. To the extent that previous actions contrary to the Roadless Rule were undertaken during a time when another court had in place an injunction against the operation of the Roadless Rule, the remedy, if any, lies elsewhere. This issue is an equitable one, not a question of legal consequences.

As to the Coal Creek-Big Creek Project, the Court agrees with Plaintiffs. It appears unlikely that the Project as presently configured complies with the Roadless Rule as reinstated by this Court. Therefore, it is enjoined at this time. Nothing in this Order prevents the agency, if it wishes, from reexamining or reconfiguring the project to assure that it does comply with the Roadless Rule and, if the agency believes that it does so, presenting further evidence to the Court in the future in support of a request to modify the injunction on this point.

**IT IS SO ORDERED.**

Dated: December 28, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge