UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* BILL LOCKYER, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture, et al.,<br><br>        Defendant(s).<br>_____/<br>THE WILDERNESS SOCIETY, CALIFORNIA WILDERNESS COALITION, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; DALE BOSWORTH, Chief of the United States Forest Service, et al.,<br><br>        Defendants.<br>_____/ | No. C05-03508 EDL   consolidated with<br><br><br><br><br><br><br><br><br><br>No. C05-04038 EDL<br><br>**ORDER PARTIALLY STAYING INJUNCTIVE RELIEF IN THE INTERESTS OF COMITY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62(c)** |

Before the Court are Defendants' Motion for an Indicative Ruling on Rule 60(b) Motion to Modify Injunction or for Stay Pending Appeal and Plaintiffs' Motion to Stay Proceedings Relating

to Defendants' Rule 60(b) Motion and Defendants' Motion for Stay Pending Appeal. The Court held a hearing on October 31, 2008, and the parties filed further briefing on November 14, 2008. For the reasons stated at the hearing and in this Order, Defendants' Motion for an Indicative Ruling is denied to the extent it seeks an indicative ruling under Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976), but granted in part to the extent it seeks a stay of the injunction, and Plaintiffs' Motion for Stay is denied.

**Background**

In the October 11, 2006 Amended Order and Opinion on Cross-Motions for Summary Judgment, this Court set aside the State Petitions for Inventoried Roadless Area Management Rule ("State Petitions Rule") (70 Fed. Reg. 25,654 (May 13, 2005), reinstated the Roadless Area Conservation Rule ("Roadless Rule") (66 Fed. Reg. 3,244 (Jan. 12, 2001) and enjoined Defendants "from taking any further action contrary to the Roadless Rule without undertaking environmental analysis consistent with this opinion." See California v. United States Dep't of Agriculture, 459 F. Supp. 2d 874, 919 (N.D. Cal. 2006). That Order and Opinion is before the Ninth Circuit Court of Appeals, which heard oral argument on Defendants' appeal on October 20, 2008.

On August 12, 2008, the Wyoming district court issued an Order Granting Plaintiff's Motion for Declaratory and Injunctive Relief, holding that the Roadless Rule was promulgated in violation of National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370d, and the Wilderness Act, 16 U.S.C. §1131-1136. See Wyoming v. United States Dep't of Agriculture, 570 F. Supp. 2d 1309, 1355 (D. Wyo. 2008). As a remedy, the Wyoming district court set aside and permanently enjoined the Roadless Rule throughout the nation, including in the Ninth Circuit. That order has been appealed to the Tenth Circuit Court of Appeals by the Intervenor-Defendants Wyoming Outdoor Council, The Wilderness Society, Sierra Club, Biodiversity Conservation Alliance, Pacific Rivers Council, Natural Resources Defense Council, National Audubon Society, and Defenders of Wildlife. The Tenth Circuit recently abated the appeal pending the Wyoming district court's ruling on the federal defendants' Motion for Reconsideration and Motion for Stay Pending Reconsideration.

On August 20, 2008, Defendants in this case filed a Motion for Indicative Ruling pursuant to Crateo seeking an order that, if the Ninth Circuit were to remand this case, the Court would grant a Federal Rule of Civil Procedure 60(b)(5) motion to modify this Court's injunction to remove the requirement that the Forest Service not take any action contrary to the Roadless Rule. Defendants argue that relief from the Court's injunction is necessary because they are faced with conflicting nationwide injunctions from two district courts: the earlier one issued by this Court on October 11, 2006, which reinstated the Roadless Rule after invalidating the State Petitions Rule that replaced it and prohibited the Forest Service from taking any actions contrary to that Rule, and the more recent one issued by the Wyoming district court on August 12, 2008, which permanently enjoined the Roadless Rule. Alternatively, pending resolution of the appeal of this Court's October 2006 decision in the Ninth Circuit, Defendants seek a stay of the injunction either in whole or in part, such as limiting the injunction to the Plaintiff States or exempting Wyoming. Simultaneously, in the Wyoming litigation, Defendants filed a Motion for Reconsideration asking that court to dissolve or stay its injunction in its entirety or limit it to the state of Wyoming through an amendment or partial stay, and Motion for Stay Pending Reconsideration, and Defendants/Intervenors Environmental Groups filed a Motion for Order Granting Rule 62(c) Motion for Suspension of Injunction Pending Appeal.

On September 3, 2008, in this case, Plaintiffs filed a Motion to Stay Proceedings on Defendants' Rule 60(b) Motion. Plaintiffs argue that the prudent course is for the Court to wait until the Motion for Reconsideration and the Motion for Order Granting Rule 62(c) Motion for Suspension of Injunction pending in the Wyoming district court, and if that relief is denied the appeal to the Tenth Circuit, are decided to determine if any conflict remains. On November 14, 2008, the parties filed further briefing in this Court regarding the proper procedural mechanism through which the Court should address the issue of the scope of its injunction.

**Legal Standard**

Defendants initially brought their motion to modify the injunction in this matter pursuant to Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976) because this Court has no jurisdiction to entertain a Rule 60(b) motion while the matter is on appeal. See Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988) (explaining that notice of appeal divests

3

district court of jurisdiction over matters appealed in order to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time"). Under the Crateo procedure, a party may file a motion which asks the district court if it would entertain and grant a Rule 60(b) motion and, if it agrees, petition the Court of Appeals to remand the case for that purpose. See id. ("Because of the pending appeal, the District Court has no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand."). At the October 31, 2008 hearing, the Court raised the question of whether the change in the scope of the injunction that it was contemplating would be better addressed through the Crateo procedure or pursuant to Federal Rule of Civil Procedure 62(c).

Under Rule 62(c), the Court may "suspend, modify, restore or grant an injunction" provided that the change would not materially alter the status of the case on appeal. See Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001) ("When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. An exception exists under the Federal Rules of Civil Procedure, however, that allows the district court to retain jurisdiction to "suspend, modify, restore, or grant an injunction during the pendency of the appeal ... as it considers proper for the security of the rights of the adverse party." "The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." Rule 62(c) "'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal.") (internal citations omitted); see also NRDC v. Southwest Marine, 242 F.3d 1163, 1166 (9th Cir. 2001) ("This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." Thus, any action taken pursuant to Rule 62(c) "may not materially alter the status of the case on appeal.") (internal citations omitted). In their supplemental briefs filed after the hearing, both parties urge the Court to utilize Rule 62(c) rather than the Crateo procedure. Plaintiffs argue that the Crateo procedure is not only unnecessary, but could also disrupt the orderly resolution of the appeal of this matter. Plaintiffs advocate the Rule

4

62(c) approach, but argue that the Court's ability to change the scope of the injunction under this Rule is limited. Defendants counter that based on judicial comity, the Court could limit the geographic scope of the injunction under Rule 62(c) through a modification or suspension.

The Court is not inclined to vacate its injunction entirely in light of the Wyoming district court's ruling because of the Ninth Circuit's detailed examination of the merits of a similar challenge to the Roadless Rule in Kootenai Tribe v. Veneman, 313 F.3d 1094, 1105 (9th Cir. 2002), which resulted in the reversal of a preliminary injunction against the Rule on the grounds that it was very likely validly promulgated. Sitting in the Ninth Circuit, this Court must respect the significant guidance provided by the appellate court in Kootenai, which sharply conflicts with the reasoning employed by the Wyoming district court. Indeed, in a prior challenge to the Roadless Rule before the Wyoming district court, that court expressly acknowledged its disagreement with the Ninth Circuit's decision in Kootenai and declined to follow it. See Wyoming v. United States Dep't of Agriculture, 277 F. Supp. 2d 1197, 1203, n. 1 (D. Wyo. 2003) ("For these reasons, and the legal uncertainty of the Ninth Circuit's judicial gloss, this Court finds the Kootenai Tribe opinion to be of limited persuasive value. Moreover, because this Court is unable to discern what NEPA opinions Kootenai Tribe overruled, this Court will refrain from relying on any Ninth Circuit NEPA opinions as persuasive authority."), dismissed as moot, vacated and remanded, Wyoming v. United States Dep't of Agriculture, No. 03-8058 (10th Cir. July 11, 2005).

At the same time, this Court recognizes the unfortunate appearance of a lack of judicial comity that has arisen in the wake of the Wyoming court's decision and the awkward position in which the United States Department of Agriculture finds itself. Therefore, this Court does not believe that it is appropriate to follow Plaintiffs' proposal to let this situation continue while waiting for the Wyoming court to rule on the motion to suspend or modify its injunction (particularly when it has taken that matter off calendar),[1] and possibly also the Tenth Circuit to rule on that request. Weighing the equities, including the principles underlying judicial comity, respect for Ninth Circuit precedent, the desire not to disrupt the appeal pending in this case, the potential harm to the parties on both sides of this case, and the advantage of flexibility in the face of evolving circumstances, as

---

[1] See Notice, Wyoming v. United States Dep't of Agriculture, No. 07-CV-17B (D. Wyo. Nov. 12, 2008) (No. 162).

explained further below, this Court will partially stay its injunction pursuant to Rule 62(c), leaving it in effect within the Ninth Circuit and the Plaintiff state of New Mexico.

**Judicial comity**

"The federal courts long have recognized that the principle of comity requires federal district courts - courts of coordinate jurisdiction and equal rank - to exercise care to avoid interference with each other's affairs." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985) (finding that a Texas district court abused its discretion in issuing preliminary injunction against union work stoppage over dispute as to interpretation of collective bargaining agreement in light of action filed one month earlier in New York district court involving same issue in a broader context); see also Smith v. SEC, 129 F.3d 356 (6th Cir. 1997) (overturning a Tennessee court's preliminary injunction against the SEC's prosecution of a civil enforcement action against trader as duplicative of trader's earlier filed action to preclude SEC's use of evidence allegedly illegally obtained, holding that the preliminary injunction was an abuse of discretion because the two actions were not entirely duplicative, in that only the enforcement action raised the issue of liability for insider trading, and there was no reason to favor one forum over another); Feller v. Brock, 802 F.2d 722, 727-28 (4th Cir. 1986) ("Prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders. . . . there is an underlying policy of judicial administration which counsels against the creation of conflicts such as the one at bar."). Further, "[w]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." Bergh v. Washington, 535 F.2d 505, 507 (9th Cir. 1976). At the hearing, Defendants acknowledged the considerable discretion and flexibility this Court retains to address the comity considerations raised by the Wyoming court's conflicting remedy.

Although judicial comity does not require this Court to alter its injunction, issued long before the Wyoming court issued its conflicting injunction granting nationwide relief to a single plaintiff state, the principles underlying this doctrine, especially to avoid rulings which may "trench upon the authority of sister courts," counsel in favor of providing some relief. West Gulf Maritime, 751 F.2d at 729; see also Feller, 802 F.2d at 728 ("This concern is often labeled one of "comity," although that doctrine technically applies only when two suits involving identical parties and issues are

currently pending in separate forums. Use of the "comity" label is somewhat misleading in this case because the growers were not parties to the District of Columbia proceedings and because the litigation there has ended, although the district court's supervisory power over its injunction continues. Nevertheless, whatever its label, there is an underlying policy of judicial administration which counsels against the creation of conflicts such as the one at bar.") (internal citations omitted).

In support of their request that the Court stay its injunction in its entirety, Defendants rely on Fund for Animals v. Norton, 323 F. Supp. 2d 7 (D. D.C. 2004), in which the district court faced a somewhat similar situation. There, the District of Columbia district court vacated an agency rule governing winter use at Yellowstone Park, and implemented the prior rule. Subsequently, another action was brought in Wyoming seeking to enjoin implementation of the prior Rule, and the Wyoming court ordered that the National Park Service was temporarily restrained from enforcing the prior Rule and that temporary rules be put in place. In considering the Defendants' motion for relief from judgment, the District of Columbia court stated:

> That said, the fact remains that this Court remanded and vacated the 2003 Rule, put in place the prior 2001 Rule, and the Wyoming court subsequently enjoined the implementation of the 2001 Rule. In effect, defendants are required by this Court's Order to implement a Rule that another court has mandated cannot be enforced. Moreover, it is the Court's understanding that a rule governing the 2004-2005 Winter season does not currently exist: the 2003 Rule was enjoined, the 2001 Rule was subsequently enjoined, and the temporary Rule put in place by order of the Wyoming court was an interim rule only in place "for this 2004 snowmobile season."
>
> Accordingly, the most prudent course of action, and the action most likely to lend some clarity to increasingly unclear agency proceedings, is to relieve Federal Defendants from an obligation to enforce the 2001 Rule.

Fund for Animals, 323 F. Supp. 2d at 10; see also Bergh, 535 F.2d at 507 ("When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases.").

The circumstances that led the district court in Fund for Animals to completely dissolve its injunction requiring compliance with the earlier agency rule differed in certain respects from those presented here. First, it did so only after the Tenth Circuit denied the motion to stay the Wyoming district court's conflicting injunction pending appeal. See Pls.' Motion to Stay Proceedings Relating to Defendants' Rule 60(b) Motion at Ex. B. Here, by contrast, the Tenth Circuit has not addressed

any motion to stay or limit the scope of the Wyoming court's August 12, 2008 injunction because no motion has been filed in that court.

More importantly, however, the district court in Fund for Animals did not need to balance the considerations of comity with its duty to respect and follow decisions of its superior appellate court, because the District of Columbia Circuit had not ruled on the likely validity of the prior rule. Here, the Ninth Circuit's decision in Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005) required this Court, upon invalidation of the State Petitions Rule, to reinstate the predecessor Roadless Rule unless it was clearly invalid, and the Ninth Circuit in Kootenai had strongly indicated that it would very likely conclude that the Rule was valid when the merits were fully adjudicated. While the Wyoming district court has now found the Roadless Rule invalid, it did so based on reasoning directly contrary to the Ninth Circuit's detailed, albeit preliminary, examination of the same issue in Kootenai.[2]  See Wyoming v. United States Dep't of Agriculture, 277 F. Supp. 2d 1197, 1203, n. 1 (D. Wyo. 2003).

Nonetheless, the very strong judicial interest in courts not exercising their jurisdiction in conflict with each other does call for some relief. Although this Court relies primarily on principles of judicial comity in partially staying its injunction, it has also weighed the competing harms to the parties of action or inaction in crafting the partial stay. Plaintiffs argue that harm will result from the Bureau of Land Management's issuance of oil and gas leases within protected roadless areas throughout the Western States, including Montana in the Ninth Circuit, and New Mexico, which is a

---

[2] Notably, Defendants here concur with the Ninth Circuit that the Roadless Rule was validly promulgated, and opposed the Wyoming district court's injunction against it. See Federal Defendants' Supplemental Brief in Opposition to Plaintiff's Motion for Declaratory and Injunctive Relief at 9, Wyoming v. United States Dep't of Agriculture, No. 07-CV-017B (D. Wyo. Sept. 17, 2007) (No. 78) ("Nevertheless, the Roadless Rule was a valid exercise of the Department's broad discretion to manage National Forest System lands, and the Rule was promulgated in compliance with all applicable laws and regulations."). Defendants confirmed at the October 31, 2008 hearing on these cross-motions that the Roadless Rule complied with all relevant environmental statutes. See Oct. 31, 2008 Tr. at 21:7-12. Accordingly, Defendants have requested that the Wyoming court dissolve its injunction or limit it to Wyoming. See Federal Defendants' Motion for Reconsideration and Motion for Stay Pending Reconsideration at 4, Wyoming v. United States Dep't of Agriculture, No. 07-CV-017B (D. Wyo. Aug. 20, 2008) (No. 118) ("As set forth below, Defendants respectfully believe that in issuing a nation-wide injunction against the 2001 Roadless Rule, when more limited relief was adequate to address Wyoming's injury, this Court misapprehended the controlling law and committed clear legal error.").

Plaintiff in this case, as well as Colorado and Wyoming. See Pls.' Mot. to Stay Ex. A, Ex. 7 at ¶ 5.[3] Plaintiffs also argue that energy companies have applied for permits to drill on five lease parcels in protected roadless areas in North Dakota. Defendants note that the permits were placed on hold after this Court's 2006 Order and there has been no effort to process them following the Wyoming district court's decision in August 2008. See Ex. A-9 in Supp. of Pls.' Mot. for Stay. Thus, the potential harm raised by Plaintiffs is generally not imminent, and the Court's partial stay leaves intact the protection of the Roadless Rule throughout the Western states in the Ninth Circuit, including Montana, as well as New Mexico, two of the states where Plaintiffs point to the possibility of harm.

Defendants argue that they will suffer harm if the injunction is not at least partially stayed because the Forest Service will be faced with the unenviable prospect of violating this Court's injunction if the agency seeks to move forward with projects in protected roadless areas, that are permitted under the Wyoming district court's order. At the hearing, Defendants also pointed for the first time to a project in Montana to harvest dead timber that must be completed within "a couple of seasons" or the timber will lose its value, but Defendants did not address that project in their papers or any supporting declaration. See Oct. 31, 2008 Tr. at 16:25-17:4. Further, if by seasons, Defendants meant several summers, no harm is imminent. At the same time, Defendants have acknowledged that any restriction of the scope of the injunction would ameliorate the situation and be an appropriate exercise of the Court's equitable powers. See Oct. 31, 2008 Tr. at 22:12-15 ("This Court chooses to carve out Wyoming that helps us, if it chooses to carve out everywhere outside the Ninth Circuit, all these lines are justifiable under both equity and law and would decrease the amount of conflict."). Furthermore, there is no assurance that any drastic modification of the injunction in this case pending action by the Wyoming court or the Tenth Circuit would be of short duration if the Ninth Circuit affirms this Court's injunction. The Court notes that the oral argument

---

[3] Plaintiffs initially argued that if the injunction is lifted, a proposed expansion of the Smoky Canyon phosphate mine in Idaho, which is prohibited under the Roadless Rule, will cause significant damage in roadless areas. See Pls.' Mot. to Stay Ex. A at A-2 at 4-198, 4-209; Ex. A-4 at ¶¶ 6-8; Ex. A-2 at 4-209. However, on October 16, 2008, the United States Department of Agriculture issued a final rule establishing management direction for roadless areas in Idaho, superceding the Roadless Rule on National Forest System lands in that state thereby rendering this issue moot. See 73 Fed. Reg. 61,456 (October 16, 2008). Moreover, the project was the subject of separate litigation in Idaho.

for the recent motions in the Wyoming case was taken off calendar for November 18, 2008 to be reset at an unspecified later date.

Accordingly, the balance of harms weighs against dissolving or staying the injunction in its entirety. Instead, the particular circumstances in this case warrant a partial stay of the injunction in order to further judicial comity by minimizing the conflict between different jurisdictions while continuing to afford considerable protection to the environmental interests of Plaintiffs and respect to the reasoning of the Ninth Circuit in Kootenai. Specifically, the balance of equities weighs in favor of keeping the injunction in force in the Ninth Circuit as well as in the state of New Mexico, which is a Plaintiff in this case, while staying it elsewhere, at least pending further action by the Wyoming court or the Tenth Circuit. As noted above, the Ninth Circuit issued the Kootenai decision strongly indicating its view that the Roadless Rule was validly promulgated, so it is appropriate that it continue in force in this Circuit. Further, three of the state plaintiffs in this case are within the Ninth Circuit: California, Oregon and Intervenor-Plaintiff Washington. In addition, Montana has participated as an amicus in support of Plaintiffs. While the state of New Mexico is within the Tenth Circuit, it has participated as a Plaintiff in this case from its inception, advocating the reinstatement of the Roadless Rule as a remedy and opposing the pending motion by Defendants, indicating its consent to be bound by this Court's jurisdiction and its desire for the protection of the Roadless Rule. Although the Environmental Plaintiffs have members nationwide, the weight of the interests of both the public and private Plaintiffs is heavily tilted to the Ninth Circuit and New Mexico.

Therefore, in the spirit of comity, the Court partially stays its injunction as to states outside the Ninth Circuit and New Mexico, pursuant to Rule 62(c). The injunction remains in full effect in all other respects. The Court does not believe or intend that the partial stay will alter the issues on appeal; rather, the partial stay is intended to further judicial comity without disrupting the appeal.[4] The Court also exercises its discretion to deny Plaintiffs' Motion for Stay. See Landis v. North American Co., 299 U.S. 248, 254 (1936) (". . . the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[4] If this Court has mistakenly exceeded its authority under Rule 62(c), this Order indicates how the Court would rule if the case were remanded pursuant to Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976).

time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

**IT IS SO ORDERED.**

Dated: December 2, 2008

                                                   _Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge